IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARVIS LAMAR JOHNSON                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:20-cv-9-KHJ-FKB

OFFICER JORDAN McQUEARY, et al                              DEFENDANTS

## REPORT AND RECOMMENDATION

This consolidated[1] case is before the Court on six pre-consolidation motions for summary judgment based on Plaintiff Carvis Johnson's alleged failure to exhaust administrative remedies. *See* [58]; [48] in Civil Action No. 3:20-cv-104-KHJ-RPM; [28] in Civil Action No. 3:20-cv-00117-KHJ-LGI; [42] in Civil Action No. 3:20-cv-00204-KHJ-FKB; [25] in Civil Action No. 3:20-cv-00328-KHJ-FKB; [32] in Civil Action No. 3:20-cv-00501-KHJ-LGI.[2]  Johnson filed responses[3] in opposition to five of the motions.  *See* [68]; [56] in Civil Action No. 3:20-cv-104-KHJ-RPM; [31] in Civil Action No. 3:20-cv-00117-KHJ-LGI; [46] in Civil Action No. 3:20-cv-00204-KHJ-FKB; [29] in Civil Action No. 3:20-cv-00328-KHJ-FKB.  Having fully considered the matter, the undersigned recommends that the summary judgment motions be denied without prejudice.

### I.  Facts and Procedural Background

Plaintiff Carvis Johnson is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC").  He is proceeding *pro se* and *in forma pauperis*,

---

[1] The following actions have been consolidated with this case: Civil Action Nos. 3:20-cv-104-TSL-RPM, 3:20-cv-117-KHJ-LGI, 3:20-cv-204-DPJ-FKB, 3:20-cv-328-CWR-FKB, 3:20-cv-501-KHJ-LGI, and 3:20-cv-600-KHJ-LGI.  *See* [72] and [76].

[2] Hereinafter collectively referenced as "summary judgment motions" and individually referenced by each motion's pre-consolidation document number.

[3] Although these pleadings are each entitled, "Motion to Answer Grievance Procedure," the undersigned has construed these pleadings as responses to the exhaustion-based summary judgment motions.  The Court also observes that these pleadings are carbon copies of the same document.

subject to the Prison Litigation Reform Act ("PLRA").  Between January 7 and September 11, 2020, Johnson filed seven suits in this Court against current and former employees of Rankin County, Mississippi, alleging violations of his Fourteenth Amendment[4] rights arising from episodic incidents and ongoing conditions of confinement that allegedly occurred at the Rankin County Jail while he was a pretrial detainee.[5]  All seven suits were filed under 42 U.S.C. § 1983 and have been consolidated[6] into this civil action, and all defendants who have appeared in these seven suits have either filed or joined a summary judgment motion seeking dismissal of Plaintiff's claims for failure to exhaust administrative remedies prior to suit.

Pre-consolidation, a *Spears*[7] hearing was held in Civil Action Nos. 3:20-cv-9-KHJ-FKB, 3:20-cv-00204-KHJ-FKB, and 3:20-cv-00328-KHJ-FKB, in which the undersigned and defense counsel questioned Johnson about his claims in those cases.  *See* [81].  In the hearing, Johnson testified about seeking administrative remedies as to his claims asserted in the complaints filed in the seven cases before this Court. Specifically, he testified, "I asked for a grievance form, but they won't give me none. They won't give a lot of people in that jail grievance forms[.]" *Id*. at 14. He further testified,

> I even did grievance forms. I wrote up a grievance form myself, but the Lieutenant King and the . . . Lieutenant Spears would never accept it. . . . [A]ll my complaints that I filed, I asked for grievance forms, but they won't give me none.

*Id*.

---

[4] *See Eason v. Frye*, 972 F. Supp. 2d 935, 941 (S.D. Miss. 2013) ("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, rather than by the Cruel and Unusual Punishment Clause of the Eighth Amendment.").
[5] One lawsuit, *Johnson v. Holensworth*, Civil Action No. 3:20-cv-600-KHJ-LGI (S.D. Miss), also involves allegations of wrongdoing during Plaintiff's arrest by Rankin County employees.
[6] *See* [72] and [76].
[7] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Johnson described multiple attempts to obtain grievance forms. *Id.* at 31-33, 44. He testified that an "officer told [him] to holler at the lieutenant in the jail administration" about obtaining a grievance form and that he spoke with Sheriff Bryan Bailey, as well as Lieutenants Barnett, Spears, and King about getting a grievance form. *Id.* at 30.  He also testified that he "wrote a copy of a grievance and sent it to [Sheriff] Bryan Bailey," but never got a response. *Id*. at 30-31. Johnson testified that although he "asked a lot of times," he "never got" a grievance form. *Id*. at 33.

Defendants argue in their summary judgment motions that Johnson never submitted a written request for an Inmate Grievance Form at any point prior to filing suit. They contend, therefore, that Johnson never initiated the administrative remedy process and failed to exhaust his administrative remedies at the Rankin County Jail.

## II.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S.

3

317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or

by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.  Analysis

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available

administrative remedies prior to filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a
> jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright
> v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
> > No action shall be brought with respect to prison conditions under
> > section 1983 of this title, or any other Federal law, by a prisoner
> > confined in any jail, prison, or other correctional facility until such
> > administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding
> "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit
> takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261
> Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits
> about prison life, whether they involve general circumstances or particular
> episodes, and whether they allege excessive force or some other wrong." *Alexander
> v. Tippah County*, Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v.
> Nussle*, 534 U.S. 516, 532 (2002)). . . . Merely initiating the grievance process or
> putting prison officials on notice of a complaint is insufficient to meet the
> exhaustion requirement—the grievance process must be carried through to its
> conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*,
> 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec.

16, 2016) (emphasis added). "Dismissal is appropriate where an inmate has failed to properly

exhaust the administrative grievance procedure *before* filing his complaint." *Id*. (emphasis

added) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)).

However, this "strict approach does not absolutely foreclose the possibility that prison

officials' statements concerning administrative remedies can render such remedies unavailable."

*Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).  In *Ross v. Blake*, the Supreme Court

recognized that "the PLRA contains its own, textual exception to mandatory exhaustion." 78

U.S. 1174, 136 S. Ct. 1850, 1858, 195 L. Ed. 2d 117 (2016). "Under § 1997e(a), the exhaustion

requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must

exhaust available remedies, but need not exhaust unavailable ones." *Id.*

In *Davis v. Fernandez*, the Fifth Circuit stated that "[a]n administrative remedy is not

'available,' and therefore need not be exhausted, if prison officials . . . inaccurately describe the

steps [an inmate] needs to take to pursue it." 798 F.3d 290, 295 (5th Cir. 2015) (quoting *Pavey v.*

*Conley*, 663 F.3d 899, 906 (7th Cir. 2011)). The inmate in *Davis* testified that jail employees

"told him that the grievance process includes only a single step—that he had no option to

appeal—and he, relying on that misrepresentation, did not file an appeal." *Id.* at 296. Reversing

the district court's entry of summary judgment, the Fifth Circuit explained,

> Based on the record of this case, we see no reason that Davis should not be
> entitled to rely on the representations of his jailers. *See Brown [v. Croak]*, 312
> F.3d at 112–13 (inmates are "entitled to rely on instructions by prison officials
> that are at odds with the wording of [the facility's grievance policy]"); *cf. Dole v.*
> *Chandler*, 438 F.3d 804, 811 (7th Cir.2006) ("[P]rison authorities may not
> employ their own mistake to shield them from possible liability."). Assuming
> Davis's testimony to be true, as we must on summary judgment, we conclude that
> the second step of the jail's grievance process was unavailable to him. Therefore,
> Davis was not required to exhaust the unavailable second step, and the defendants
> are not entitled to summary judgment on their exhaustion defense.

*Id.* (footnote omitted). The court also observed that there was not enough information in the

record to make a conclusive finding that Davis knew or should have known about the second

step of the grievance process. *Id.* at 296 n. 2. Thus, the Court's holding considered both the

misleading instructions of jail staff and the inmate Plaintiff's actual knowledge as demonstrated

by the evidence:

> We hold that, because there is evidence in the record that jail staff misled Davis as
> to the jail's grievance procedures and there is no evidence that Davis knew or

> reasonably should have known the correct procedures, summary judgment should not have been granted. We therefore reverse and remand.

*Id.* at 291.

With their summary judgment motions filed in the instant consolidated cases, Defendants submitted identical affidavits from Paul Holley, in-house legal counsel for the Rankin County Sheriff's Department and an Appeals Hearing Officer for inmate appeals under the Rankin County Jail grievance procedure. *See* [58-3]; [48-3] in Civil Action No. 3:20-cv-104-KHJ-RPM; [28-3] in Civil Action No. 3:20-cv-00117-KHJ-LGI; [42-6] in Civil Action No. 3:20-cv-00204-KHJ-FKB; [25-3] in Civil Action No. 3:20-cv-00328-KHJ-FKB; [32-3] in Civil Action No. 3:20-cv-00501-KHJ-LGI. In each of the motions, Defendants contend that Plaintiff failed to exhaust his administrative remedies, relying on the following testimony in the Holley affidavit:

> Carvis Johnson never submitted a written request for an *Inmate Grievance Form* during his incarceration in the Rankin County Jail. Accordingly, he never initiated the inmate grievance procedure at the Rankin County Jail during his incarceration.

*Id.* at 2.

Having reviewed the Holley affidavit and exhibits attached thereto, the undersigned finds that they are contradictory, misleading, or, at a minimum, confusing. And having also considered Johnson's testimony, the undersigned finds that Defendants have failed to prove they are entitled to summary judgment on their exhaustion defense.

In his affidavit, Holley testified that "[i]nmates in the Rankin County Jail **must submit a written request** for an *Inmate Grievance Form* prior to receiving same." *Id.* (emphasis added). Attached to the Holley affidavit is a copy of the Rankin County Adult Detention Center Policies and Procedures, Inmate Grievance Procedures, Policy Number 12.3, which states, in pertinent part,

> The procedure for filing a grievance is as follows:
> 1.     The inmate must request an *Inmate Grievance Form* by writing a letter requesting such and submitting it to the Jail Administrator via any Detention

Officer. The Jail Administrator will ensure that the inmate receives the form.

*Id*. at 3.

However, Holley also testified in his affidavit that during the relevant time period,

[E]ach housing unit in the Rankin County Jail had television sets that played different slides continuously throughout the day. These slides are designed to provide inmates with information and reminders on various issues, including the inmate grievance procedure. A true and correct copy of the slide relating to inmate grievances is attached to this affidavit as **Exhibit C**. This slide . . . informs inmates how to obtain inmate grievance forms . . . .

*Id*. at 1-2. The slide, Exhibit C to the Holley affidavit, states, in pertinent part, "Inmate grievances will be given by the tower Officer on duty." *Id*. at 7. Although Holley testified that the slide "informs inmates how to obtain grievance forms," the slide makes no mention of any written request. *See Id*. at 7.

Further, Holley testified that Johnson was "initially informed about the Rankin County Jail inmate grievance procedure during . . . his inmate orientation . . . on February 26, 2019." *Id*. at 1. And Holley testified that "Carvis Johnson acknowledged his understanding of the Rankin County Jail inmate grievance procedure by execution of the Inmate Orientation form attached as **Exhibit B**" to his affidavit. But while it appears that Johnson initialed portions of the form attached as Exhibit B and signed it, the form makes no mention of the Rankin County Jail inmate grievance procedure, much less that Johnson acknowledged that he understood it (or even received it). *See Id*. at 6.

In sum, the evidence submitted by Defendants is insufficient to prove that the administrative remedies process at the Rankin County Jail was available to Johnson. And Johnson's testimony supports that the process was unavailable to him. Defendants are,

therefore, not entitled to summary judgment on their exhaustion defense, based on the record before the Court.

## IV.  Conclusion

For the reasons stated above, the undersigned finds that based on the record before the Court, genuine issues of material fact exist on the exhaustion issue. Accordingly, the undersigned recommends that Defendants' summary judgment motions be denied without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of August, 2021.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE